UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
OUTSTATE MICHIGAN TROWEL
TRADES HEALTH & WELFARE FUND;
OUTSTATE MICHIGAN TROWEL TRADES
PENSION FUND; OPERATIVE
PLASTERERS AND CEMENT MASONS
INTERNATIONAL ASSOCIATION JOINT
APPRENTICESHIP AND TRAINING FUND;
CEMENT MASONS' VACATION & HOLIDAY TRUST
FUND - DETROIT & VICINITY; and BRICKLAYERS &
TROWEL TRADES INTERNATIONAL PENSION FUND,

      Plaintiffs,

                                                                                     Case No.

v.

                                                                                    Hon.

A. J. REHMUS & SON, INC.,

      Defendant.
_____/

## COMPLAINT

Now come the above-captioned plaintiffs, by and through their attorneys, SACHS WALDMAN, Professional Corporation, and for their complaint against the above-captioned defendant say as follows:

1.     Plaintiffs are the Trustees of the Outstate Michigan Trowel Trades Pension Fund, the Outstate Michigan Trowel Trades Health & Welfare Fund, the

Operative Plasterers and Cement Masons International Association Joint Apprenticeship and Training Fund and the Cement Masons' Vacation & Holiday Trust Fund - Detroit & Vicinity (collectively, "Local Funds"), and the Trustees of the Bricklayers & Trowel Trades International Pension Fund ("International Fund"). The Local Funds and the International Fund are trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §186, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §1001, *et seq.*, with principal offices located in the City of Lansing, County of Ingham, State of Michigan, with the exception of the International Fund, which has its principal office located in the District of Columbia. The Local Funds and the International Fund are referred to, collectively, as "Funds."

2. Defendant, A. J. Rehmus & Son, Inc., is a Michigan corporation doing business in the building and construction industry, an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12) with its principal place of business being located in the City of Bay City, County of Bay, State of Michigan.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and

§1145, this being a suit for breach of the fringe benefit provisions of certain collective bargaining agreements entered into (or adopted) between defendant and the Operative Plasterers' and Cement Masons' International Association ("Agreements").

4. Venue of the United States District Court for the Eastern District of Michigan is appropriate, pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which defendant is located.

5. Defendant is bound by the Agreement, copies of which are in defendant's possession.

6. Defendant also is, and has been, bound by the terms of the applicable trust agreements establishing the Funds incorporated by reference in the Agreement.

7. Under the terms of the Agreement, defendant became obligated to make contributions to plaintiffs with respect to covered work performed by and wages paid to defendant's employees, and to submit the books and records of defendant to plaintiffs for periodic inspection and audit.

8. Defendant has, in violation of its contractual obligations, failed to pay timely all of the contributions it was obligated to pay.

9. An audit of defendant's books and records covering the period of January 2015 through September 2017 revealed an indebtedness of **$1,818.43**,

which is the sum of unpaid contributions of $87.72, late payment assessments of $1,721.93 and audit assessments of $8.77.   Despite demand, defendant has failed to pay this amount.

10. The exact amount of defendant's indebtedness for delinquent contributions for the period October, 2017 to date cannot be determined until defendant submits its complete books and records for inspection and audit.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant containing the following provisions:

A. Adjudicating that defendant is bound to pay contributions to plaintiffs as alleged in this Complaint from (at the latest) January 2015;

B. Awarding plaintiffs the amount of $1,818.43 representing the unpaid audited indebtedness based on work performed from January 2015 through September 2017;

C. Awarding plaintiffs additional liquidated damages, interest, costs, attorneys fees and other amounts to which plaintiffs are entitled pursuant to 29 USC §1132(g)(2) and plaintiffs' plan documents;

D. Requiring defendant to make available to an auditor appointed by plaintiffs all of its books, records and accounts, without any limitation whatsoever, showing work performed by employees, hours worked by employees and any sums

paid to plaintiffs and to employees covered by the Agreement for the period October 2017 to the date of said audit, and to pay for the cost of auditing said books;

    E.    Awarding plaintiffs all amounts such audit reveals as owed by defendant to plaintiffs plus interest, costs, attorneys fees and other amounts to which plaintiffs are entitled pursuant to 29 USC §1132(g)(2) and plaintiffs' plan documents; and

    F.    Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

    Respectfully submitted,

SACHS WALDMAN,
PROFESSIONAL CORPORATION

BY:  s/ Hope L. Calati
    HOPE L. CALATI (P54426)
    1423 E. Twelve Mile Rd.
    Madison Heights, MI 48071
    (248) 658-0800

Date:  July 9, 2018     hcalati@sachswaldman.com